| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------X<br>IN RE<br><br>DEBRA A. FORLETTA,<br><br>                DEBTOR.<br>-------------------------------------------------------X | **FOR PUBLICATION**<br><br><br><br>CASE NO. 8-08-74779-ast<br>CHAPTER 13 |

APPEARANCES:

    Raymond W Verdi, Jr., Esq.
    48 South Service Road - Suite 102
    Melville, NY 11747

HON. ALAN S. TRUST, United States Bankruptcy Judge:

## MEMORANDUM OPINION ON MOTION TO CONTINUE STAY

### Introduction

This is a motion by the Debtor seeking to continue the automatic stay of Section 362 of the Bankruptcy Code pursuant to Section 362(c)(3)(B).  The instant case represents a second bankruptcy filing by the Debtor in one year.  However, in her prior case, which was filed under Chapter 7, the Debtor received a discharge.  The prior case was closed less than one (1) year before the filing of the present case.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A) and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

### Issues before the Court

The motion raises the issue of whether the automatic stay under Section 362(a)

expires thirty (30) days after the petition date because the Debtor received a discharge in a prior Chapter 7 case which was closed less than one (1) year before the filing of the present case.[1]

## Background

On May 28, 2008, the Debtor filed a chapter 7 case (8-08-72791-dte) (the "Prior Case"). On September 4, 2008, a discharge was issued in the Prior Case. [dkt item 15 in 8-08-72791] The Prior Case was pending and was then closed following issuance of the discharge, but it was not dismissed.

Subsequently, Debtor filed the instant chapter 13 case on September 4, 2008. [dkt item 1] On September 21, 2008, Debtor filed a Motion to Extend the Automatic Stay (the "Motion"), which included an Affidavit in Support ("Debtor's Aff."). [dkt item 10] Debtor's Schedules and Statement of Financial Affairs were filed on September 22, 2008. [dkt item 11] Debtor filed her proposed chapter 13 plan (the "Plan") on September 22, 2008. [dkt item 12]

This Court held a hearing on the Motion on October 2, 2008 (the "Hearing"). No party objected to the Motion or appeared in opposition to the Motion. Debtor and her attorney appeared at the Hearing. The Debtor testified that since filing her Chapter 7 case, she has reconciled with her boyfriend, who is the father of one of her children. During the Prior Case, the Debtor's boyfriend was not providing the Debtor with support, but now he is providing her with approximately $4,000 per month which she will use toward funding the Plan. [Debtor's Aff. ¶ 4-6] Further, Debtor testified that, in addition to

---

[1]This Opinion does not address the extent to which the automatic stay ceases to remain in effect after the thirty (30) days expires.

also receiving child support, she has rented out a portion of her home for $2,000 per month. [Debtor's Aff. ¶ 6]  Finally, Debtor testified that her family income is now sufficient to meet her financial obligations and successfully reorganize. [Debtor's Aff. ¶ 8]

Debtor's Schedule I, which includes her boyfriend's $4,000 per month contribution, reflects a net monthly income of $8,921.94.  Debtor's Schedule J reflects a net monthly income after all expenses of $2,012.93, which is after accounting for a mortgage payment of $3,614.00 and real estate taxes of $800.00. [dkt item 11] Debtor's Plan proposes to pay her post-petition mortgage and taxes outside the Plan, and to pay holders of allowed unsecured claims a one hundred percent (100%) dividend over sixty (60) months. [dkt item 12]

## Discussion

### Section 362(c)(3) does not apply

Section 362(c)(3) limits the duration of the automatic stay to the first thirty days after the filing of a debtor's second bankruptcy case.  The following are these circumstances:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor *was pending within the preceding 1-year period but was dismissed,* other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)[.]

11 U.S.C. §362 (2008) (emphasis added).

The Order of Discharge issued in the Prior Case is titled "Discharge of Debtor(s) and Order of Final Decree", which, in addition to granting Debtor a discharge under Section 727, also provides that the Debtor's case "is closed." [dkt item 15 in 8-08-

72791] This Court agrees with the analysis of Judge Morris of the United States Bankruptcy Court for the Southern District of New York in her recent opinion, In re Williams, 390 B. R. 780 (Bankr. S.D.N.Y. 2008), and her conclusion that Section 362(c)(3) simply does not apply where a chapter 7 debtor receives a discharge and then later files a chapter 13 case. First, the language of Section 362(c)(3) is not ambiguous. Williams, 390 B.R. at 782; see also In re Holcomb, 380 B.R. 813, 816 (10th Cir. BAP 2008) (citing Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985) ( "Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.")). Section 362(c)(3) expressly applies to a case filed under chapter 7, 11 or 13 by a debtor in circumstances where "a single or joint case of the debtor was pending within the preceding 1-year period *but was dismissed.*" 11 U.S.C. § 362(c)(3) (emphasis added).

Dismissal of a Chapter 7 case may occur only under Section 707, which specifies that a court may dismiss a liquidation case only after notice and a hearing and only for cause. 11 U.S.C. § 707. In contrast, a discharge is governed by Section 727, which "provides that the court must grant a discharge to a chapter 7 debtor unless one or more of the specific grounds for denial . . . are proven to exist." Closing of a case is governed by Section 350(a), which provides for the circumstances under which a case shall be closed. In the Prior Case a discharge was granted and then the case was closed but not dismissed; therefore Section 362(c)(3) does not apply. See Williams, 390 B.R. at 782-83; see also In re Lovelace, No. 06-43464, 2007 WL 187733 (Bankr. W.D.Mo. 2007).

Recently, Chief Judge Craig of this Court determined that the terms "dismissal" and "closed" have different meanings and different implications. In <u>In re Raggie</u>, 389 B.R. 309 (Bankr. E.D.N.Y. 2008), the debtor ("Raggie") sought to reopen his case to amend his schedules and statement of financial affairs ("SOFA") after his case had been dismissed. Raggie's case has been dismissed based, <u>inter</u> <u>alia</u>, on his failure to comply with his obligations as a chapter 13 debtor. Raggie later sought to vacate the order of dismissal and reopen his case to amend his schedules and SOFA to include as an asset a cause of action which had not been scheduled prior to his case being dismissed. Judge Craig observed that schedules and other statements may be amended under Bankruptcy Rule 1009(a) "at any time before the case is closed," and further noted that "closed," as used in Rule 1009 and Bankruptcy Code §350 are different than "dismissed." Based thereon, the Court authorized the filing of the amended schedules and SOFA, and determined that the case was not being reopened. <u>Raggie</u>, 389 B.R. at 312-13.

**<u>Alternatively, Debtor has met her burden to extend the stay</u>**

Alternatively, even if Section 362(c)(3) applied, Debtor has met her burden to extend the stay. To obtain such an extension, a debtor must demonstrate, after notice and hearing, that the filing of the instant action is in "good faith as to the creditors to be stayed." Section 362(c)(3)(C) provides, "for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)" and identifies two broad categories of potential creditors as to which a debtor must rebut this presumption. Because Debtor sought to extend the stay as against all creditors, this Court applies subsection

362(c)(3)(C)(I), under which the debtor must rebut the presumption that her case was "filed not in good faith." That presumption arises if:

> (I) *more than 1* previous case under any of the chapters 7, 11, or 13 in which the individual was a debtor was *pending* within the preceding 1-year period; or
>
> (II) *a previous case* under ... [chapters 7, 11 or 13] in which the individual was a debtor was *dismissed* within such 1-year period, after the debtor failed to (aa) file or amend the petition or other documents ... (bb) provide adequate protection as ordered by the court; or (cc) perform the terms of a plan confirmed by the court; or
>
> (III) there has *not been a substantial change* in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11 or 13 or any other reason to conclude that the later case will be concluded (aa) if a case under chapter 7, with a discharge; or (bb) if under chapter 11 or 13 with a confirmed plan that will be fully performed.

11 U.S.C. § 362(c)(3)(C)(I) (emphasis supplied).

As Judge Morris determined in <u>Williams</u>, this Court concludes that subsection (I) does not apply to this Debtor because she did not have "more than 1" case "pending within the preceding 1-year period," and that subsection (II) does not apply since Debtor received a discharge in her previous case. <u>Williams</u>, 390 B.R. at 783-84.

Based on the Debtor's Affidavit and testimony, this Court finds Debtor has demonstrated by clear and convincing evidence a substantial change in her personal and financial affairs which would fulfill her evidentiary burden under subsection (III), if applicable. Therefore, the automatic stay is hereby extended.

## Conclusion

Section 362(c)(3)(B) does not apply to this Debtor. The automatic stay created by the filing of her petition remains in effect in this case unless and until otherwise ordered by this Court. Even if Section 362(c)(3)(B) applies, Debtor has met her burden of proof to extend the automatic stay as to all creditors served with the Motion. A separate Order consistent herewith shall issue.

Dated: October 10, 2008
      Central Islip, New York

                                  */s/ Alan S. Trust*
                                  Alan S. Trust
                                  United States Bankruptcy Judge